KING & *a.* *v.* ROCHESTER.

One who bargains for a specific chattel is not bound to accept another similar chattel of equal value and usefulness.

ASSUMPSIT, for non-acceptance of water valves. In August, 1891, the defendants agreed to buy of the plaintiffs a certain number of valves or water-gates of the Peet pattern for an agreed sum. September 2 the plaintiffs delivered six of the valves, and September 19 six more, manufactured by the Peet company at their works in Boston. September 22 they delivered five more, manufactured by a firm in Pittsburg, which differed in some respects from those already delivered, though the agents of the town did not discover the difference until September 26, when they learned that the plaintiffs had ordered the valves from Pittsburg. Subsequently the defendants telegraphed the plaintiffs countermanding their order for the valves, on account of the plaintiffs' delay in delivering them. The evidence was conflicting whether any definite time for the delivery was agreed upon. In October the plaintiffs offered to deliver the balance of the valves, which were manufactured at Pittsburg, but the defendants refused to receive them. There was evidence that the contract called for the Boston valves, and that they were more serviceable than the others. There was no evidence that the defendants at any time claimed the right to rescind the contract, upon the ground that the plaintiffs were not furnishing the goods contracted for. The jury were instructed that the defendants were not obliged under the contract to accept valves of a different pattern from those agreed upon, unless they were equally good in all respects. To this instruction the defendants excepted. Verdict for the plaintiffs.

*George E. Cochrane*, for the defendants.

*James A. Edgerly* and *Joseph H. Worcester*, for the plaintiffs.

PER CURIAM.* The verdict establishes the fact that there was no rescission of the contract; and the only question raised by the case is, whether the plaintiffs were entitled to recover the agreed price by tendering to the defendants valves as good as those they agreed to furnish. There was evidence that the defendants agreed to purchase valves of a certain pattern manufactured in Boston, while some of the valves tendered were different in some respects, and were manufactured in Pittsburg. If the valves tendered were not such as the agents of the town had a right to understand, and did understand, that the plaintiffs had

---

* See foot-note on page 80.

agreed to deliver, the defendants were not bound to accept them. If they were as good as the Boston valves for the purposes for which they were designed, it would not follow as a matter of law that the defendants agreed to purchase them.    Many other considerations might have an important bearing in the determination of the fact of the parties' intention in this respect.    An agreement to sell a black horse would not ordinarily be fulfilled by the tender of a white one of equal or greater value.    *Newmarket Iron Foundry* v. *Harvey*, 23 N. H. 395, 409.    And the plaintiffs' offer to deliver Pittsburg water valves in the place of Boston valves, though of the same value, might not be a performance of their contract.

*Verdict set aside.*

SMITH, J., did not sit : the others concurred.